## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| CATHERINE YACK,<br>　　　　　Appellant, | DOCKET NUMBER<br>AT-0843-24-0743-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE:  March 9, 2026 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Catherine Yack, Huntsville, Alabama, pro se.

Eva Ukkola and Kevin D. Alexander Sr., Washington, D.C., for the agency.

### BEFORE

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her appeal of a reconsideration decision issued by the Office of Personnel Management (OPM) as untimely filed without good cause shown. Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact;

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant bears the burden of proof regarding the timeliness of her appeal, which must be established by a preponderance of the evidence. *Smith v. Office of Personnel Management*, 117 M.S.P.R. 527, ¶ 5 (2012); 5 C.F.R. § 1201.56(b)(2)(i)(B). An appeal must be filed with the Board no later than 30 days after the effective date of the agency's action, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). The Board will dismiss any untimely filed appeal unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, an appellant must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).

We have considered all of the appellant's assertions on review; however, we find that they do not provide a basis to disturb the administrative judge's conclusion that the appellant failed to show good cause for the untimely filing of her Board appeal. Petition for Review (PFR) File, Tab 1; Initial Appeal File, Tab 9, Initial Decision at 1-7. For example, the appellant asserts that she hired an attorney in March or April 2023, but this attorney failed to file her Board appeal.

PFR File, Tab 1 at 3-4. An appellant is generally responsible for the errors of her chosen representative, and the appellant here has not shown that her diligent efforts to prosecute her appeal were thwarted, without her knowledge, by this attorney's deception, negligence, or malfeasance; accordingly, this assertion is unavailing. *See Helmstetter v. Department of Homeland Security*, 106 M.S.P.R. 101, ¶ 11 (2007). The appellant also asserts the following: (1) she contacted her congressman in April 2023 and believed that the "case was closed" in July or August of 2023 due to correspondence that she and her congressman received; and (2) in December 2023, she became aware that there may have been an issue regarding the cancellation of her survivor's annuity, and she unsuccessfully sought additional information from OPM. PFR File, Tab 1 at 2-5. Neither of these assertions, however, warrants a different outcome. *See Staton v. Department of Homeland Security*, 103 M.S.P.R. 318, ¶ 12 (2006) (finding that the appellant's delay in pursuing a Board appeal while he informally attempted to resolve the matter with the agency did not constitute good cause for his lengthy filing delay); *see also Luellen v. U.S. Postal Service*, 88 M.S.P.R. 11, ¶ 10 (2001) (stating that pursuant of a remedy in another forum does not constitute good cause for the untimely filing of a Board appeal).

The appellant also contends that OPM discriminated against her because she did not take her late husband's last name. PFR File, Tab 1 at 5. This unsubstantiated assertion does not provide a basis to disturb the initial decision. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (indicating that a petition for review must contain sufficient specificity to enable the Board

to ascertain whether there is a serious evidentiary challenge).[2]   We have considered the appellant's remaining assertions but find them to be unpersuasive. Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[2] The appellant provides additional documents with her petition for review, i.e., a letter that she received from OPM, the certificate of service for the initial decision, emails that she sent to her former attorney representative, and a photocopy of her driver's license.  PFR File, Tab 1 at 6-10.  These documents are not material to the outcome of this appeal. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:       _____

                     Gina K. Grippando
                     Clerk of the Board

Washington, D.C.